JESSICA PRICE, SBN 264053
*jprice@aclusocal.org*
AHILAN ARULANANTHAM, SBN 189110
*aarulanantham@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Facsimile:  (213) 977-5299

MOHAMAD AHMAD, SBN 275911
*mahmad@valorllp.com*
VALOR LLP
2719 Wilshire Blvd. Ste. 200
Santa Monica, CA
Phone: (760) 600-9248
Facsimile: (888) 959-8749

(continued on next page)

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMOOD ALI NAGI,<br><br>            Plaintiff,<br><br>     vs.<br><br>JOHN KERRY, United States Secretary of State, in his official capacity;  RYAN KARNES, Vice Consul for the United States Embassy, in his official capacity; BRENDA S. SPRAGUE, Deputy Assistant Secretary for Passport Services, in her official capacity; UNITED STATES DEPARTMENT OF STATE,<br><br>            Defendants. | Case No.  5:15-CV-00717<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**(VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT RIGHTS AND THE ADMINISTRATIVE PROCEDURE ACT)** |

1  ASIAN AMERICANS ADVANCING
2  JUSTICE – ASIAN LAW CAUCUS
   Yaman Salahi, SBN288752
3  *yamans@advancingjustice-alc.org*
   Nasrina Bargzie, SBN 238917
4  *nasrinab@advancingjustice-alc.org*
5  55 Columbus Ave.
   San Francisco, CA 94111
6  Telephone: 415-848-7711
7  Facsimile: 415-896-1702

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. JURISDICTION AND VENUE

1. This is a complaint for injunctive and declaratory relief based upon constitutional and statutory violations committed by the United States State Department in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the federal regulations governing the United States State Department's authority to restrict and revoke passports.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. To the extent necessary, Congress has waived its sovereign immunity pursuant to the Administrative Procedure Act, 5 U.S.C. § 702.

3. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants are officers of agencies of the United States sued in their official capacities and because this judicial district is where Plaintiff Hamood Ali Nagi resides.

## II. INTRODUCTORY STATEMENT

5. Plaintiff Hamood Ali Nagi is a United States citizen and Indio, California resident who seeks to return to the United States from Yemen, a country engulfed by civil war that is now the target of a massive bombing campaign. Despite the fact that Mr. Nagi, as a United States citizen, has a clear and indisputable right to enter the United States, Defendants have prevented him from doing so by revoking his passport and refusing to give him a "direct return" document that would allow him to come home.

6. Mr. Nagi is the married father of two six-year old boys, and he has spent the last two years in Yemen trying to help his family process documentation of their citizenship so that they can come to the United States. Officials in the United States Embassy in Yemen informed Mr. Nagi that his sons' applications for permission to visit the United States could not be resolved unless he returned to the

United States to resolve an alleged issue with his name.

7. Approximately three weeks ago, Mr. Nagi boarded a flight to come home to the United States. During Mr. Nagi's flight to Los Angeles, on a layover in Dubai, Defendants revoked his passport, purportedly on the basis that he obtained it through fraud. However, they refused to give him any substitute document, such as a direct return passport with limited validity allowing him to come home.

8. As a result, Defendants have left Mr. Nagi stranded in Dubai. Because he has no passport, he has no proof even that he had lawful permission to enter Dubai, as his visa temporarily authorizing his presence in the United Arab Emirates is in his passport. When his visa expires on April 18, 2015, authorities in Dubai could imprison him or forcibly deport him to Yemen. He also has no ability to travel anywhere in the world, including most importantly to the United States.

9. Defendants have informed Mr. Nagi that they confiscated his passport on the basis of a material misrepresentation on his passport application. Mr. Nagi disputes that he ever misrepresented anything in the course of obtaining his passport. But in any event, Defendants have not challenged Mr. Nagi's present citizenship status. Mr. Nagi has repeatedly requested at least a limited validity passport allowing him to come home to the United States to challenge his passport revocation.

10. United States citizens traveling abroad have a fundamental and irrevocable right to return to the United States. The State Department has violated that right by failing to provide Mr. Nagi any document allowing him to return to the United States.

11. As a result, Mr. Nagi's life and freedom will be in grave danger in as few as five days unless the Court enjoins Defendants from blocking his return to the United States.

12. Mr. Nagi brings this action for declaratory and injunctive relief to

vindicate his right as a United States citizen to immediately return to the United States as the constitution and the governing statute and regulations require.

### III. PARTIES

13. Plaintiff Hamood Ali Nagi is a 38-year old United States citizen and a resident of Indio, California.

14. Defendant John Kerry is the United States Secretary of State and heads the Department of State. He is the chief foreign policy advisor for the President of the United States. Secretary Kerry is sued in his official capacity.

15. Defendant Ryan Karnes is the Vice Consul for the United States Embassy in the United Arab Emirates. Mr. Karnes is personally responsible for the confiscation of Mr. Nagi's passport and the refusal to replace it with any certificate of identity allowing Mr. Nagi to return to the United States. He is sued in his official capacity.

16. Defendant Brenda S. Sprague is the Deputy Assistant Secretary for Passport Services who makes the final passport revocation decisions pursuant to 22 C.F.R. § 51.74.

17. Defendant Department of State is a Department of the Executive Branch of the United States government responsible for international relations of the United States. The Department is also charged with protecting and assisting United States citizens traveling abroad, and has authority under certain circumstances to revoke passports and issue "direct return" documents.

### IV. FACTUAL ALLEGATIONS

The following allegations are made upon information and belief.

**Hamood Ali Nagi**

18. Plaintiff's true and correct name is Hamood Ali Nagi. He is a United States citizen.

19. Mr. Nagi was born in Yemen on ▇▇▇▇▇▇▇▇▇▇▇▇. His father was a United States citizen. His mother was a Yemeni citizen. Mr. Nagi acquired United

States citizenship because his father is a United States citizen. He has three younger brothers, all of whom are also United States citizens.

20. In 1994, when he was a teenager, Mr. Nagi moved with his brothers from Yemen to Buffalo, New York, to be with his father. He went to school to learn English while helping his father in a grocery store. He then moved to Indiana to work in a factory for six to seven years. After that he moved to Indio, California. He lived in Indio, California for more than 10 years, working full-time in a grocery and meat store. Mr. Nagi has his home and his job in Indio. Indio is the only place he considers home.

21. In 1995, the United States Citizenship and Immigration Services issued Mr. Nagi a Certificate of Citizenship.

22. In 1997, Mr. Nagi received a United States passport.

23. On June 15, 2007, Mr. Nagi received his second United States passport.

24. In 2008, Mr. Nagi met his wife and got married. He and his wife have two children - six-year old twin boys.

**Recent Visit to Yemen**

25. In 2013, Mr. Nagi traveled to Yemen temporarily to visit his wife and sons, and to help them apply for permission to come to the United States so they can come to Indio and live with him. He visited the United States Embassy multiple times, but officials there repeatedly asked him to obtain different documents to perfect their applications.

26. On one occasion when he had gone to the Embassy with his wife and two small children, officials detained him for over eight hours, conducted a hostile interrogation, and coerced him into signing a document that he did not understand. On that day they told him there was a problem with his name, and that he needed to return to the United States to address that issue in order to get his family's papers processed.

27. Despite his many visits and the production of various records, Mr. Nagi was never able to satisfy the Embassy officials' demands so as to allow him to bring his family here.

28. On or about March 17, 2015, Mr. Nagi boarded a flight from Yemen intending to come home to the United States in order to try to obtain the paperwork needed to document his sons' citizenship and move his family to his home in Indio, California. He had layovers in Cairo and Dubai, with a final connection to Los Angeles. He made it to Dubai without incident, and because he had an overnight layover, Mr. Nagi obtained a visa for entry to the United Arab Emirates. That visa was effective for 30 days as of March 19, 2015. That visa is stamped inside his passport.

29. The next morning, on March 20, 2015, Mr. Nagi arrived at the airport in Dubai for his return flight to Los Angeles International Airport. After Mr. Nagi checked in, an airline official explained that Mr. Nagi would not be allowed to board the plane. When Mr. Nagi asked why, there airline employee could not give him an answer, and simply stated that Mr. Nagi was "restricted" from flying to Los Angeles because of problems with "immigration." The airline official directed Mr. Nagi to the United States Embassy in Dubai, and provided him no additional information and no documentation of his inability to board the plane.

30. Unable to leave Dubai, Mr. Nagi went to the United States Consulate General in Dubai to investigate why he was denied permission to fly to the United States. There, Embassy officials claimed that his United States passport had been revoked, and they confiscated it. That passport contained the only evidence he had of his visa allowing him to lawfully remain in United Arab Emirates.  Nagi Decl. ¶ 34.

31. Mr. Nagi received a letter (dated March 24, 2015) from Ryan Karnes, American Citizen Services Consul, stating that the Department of State had revoked and would destroy his passport on the basis of a material

5

1 misrepresentation by Mr. Nagi.

2     32.    The Department of State's letter stated that the revocation was 3 pursuant to 22 U.S.C. § 51.62(a)(2) based upon the illegal, fraudulent, or erroneous 4 acquisition of a passport, because Mr. Nagi purportedly made a false statement of 5 material fact in his passport application. The letter alleged that Mr. Nagi signed a 6 document in 2013 indicating that his name is Hizam Nagi Fadel, rather than the 7 name on his passport, Hamood Ali Nagi. The letter noted that he is "entitled to a 8 hearing under sections 51.70 through 51.74 of the passport regulations in Title 22 9 of the U.S. Code of Federal Regulations…" The letter also stated that any further 10 use of his passport would constitute a felony.

11     33.    Mr. Nagi maintains that his father is a United States citizen.

12     34.    Mr. Nagi intends to challenge the revocation of his passport at the 13 appropriate time, but that challenge is separate from his right to obtain a direct 14 return passport to come home to the United States, and the actions of Defendants 15 effectively stripping him of citizenship.

16     35.    Mr. Nagi has repeatedly requested a hearing pursuant to the 17 regulations cited in Defendants' letter. The Government has not acted on that 18 request. Through counsel, Mr. Nagi has requested a hearing and permission to 19 return to the United States for a passport revocation hearing at least five times. Mr. 20 Nagi has called the Embassy multiple times. On March 24, 2015, he requested a 21 hearing in the United States through the U.S. Consulate in Dubai to challenge the 22 revocation of his passport. The Consulate confirmed receipt of that request, but has 23 provided Mr. Nagi no substantive response.  On April 5, 2015, Mr. Nagi through 24 his counsel contacted Kim Richter of the State Department to ask what he needed 25 to do to procure a direct return document, or whether there was some reason the 26 Department refused to provide him that document. On April 7, 2015, Mr. Nagi's 27 counsel followed up on that request via email to State Department officials, 28 including Ms. Richter as well as Ryan Karnes at the consul in Dubai and Noah

Clark at the U.A.E. desk at Overseas Citizen Services. To date, he has received no substantive response to those requests.

36. Mr. Nagi is now unable to leave Dubai, and he has no document with which to travel. Even the visa allowing him to remain in the United Arab Emirates is no longer in his possession, as it was in the passport that the Embassy officials confiscated. Therefore, he has no proof even of his lawful right to remain temporarily in Dubai.

37. Mr. Nagi has had difficulty checking himself into a hotel because he does not possess a passport. Mr. Nagi has no authorization to work in Dubai. He is receiving no income in Dubai. Mr. Nagi also has no written proof of his visa to enter Dubai. He has no documentation indicating his lawful right to be present in Dubai.

38. He is unable to leave the United Arab Emirates because Defendants confiscated his passport and they have refused to provide him any other travel document permitting him to depart to the United States.

39. Mr. Nagi's United Arab Emirates visa is scheduled to expire on April 18, 2015, and after that date, he will be subject to fines, imprisonment, and deportation for overstaying his visa.

40. Given that Mr. Nagi was born in Yemen, Mr. Nagi faces the risk of deportation to Yemen, which would put his life at risk. Yemen, one of the most impoverished countries in the Middle East, is on the brink of civil war. News reports state that at least 540 people have been killed and 1,700 wounded since March 19, 2015. Several nations have begun evacuating their citizens, including India, which has begun airlifting 4,000 people to safety, and China, which has begun evacuating people by sea.

41. United States government personnel have evacuated and hundreds of United States citizens are now trying to flee Yemen. The United States has issued a travel warning for Yemen, warning of a "high security threat level in Yemen due to

terrorist activities and civil unrest," and "urg[ing] U.S. citizens…currently living in or visiting Yemen to depart."

**State Department Authority**

42. The United States Department of State is the executive branch agency responsible for international relations of the United States.

43. The State Department is charged with authority to issue and revoke passports. 22 U.S.C. §§ 211a, 212; 22 C.F.R. § 51.2(a). However, it does not have final authority to revoke United States citizenship.

44. The Department revoked Mr. Nagi's passport under 22 C.F.R. § 51.62(a)(2). That provision permits the Secretary of State may cancel a passport if it was illegally, fraudulently, or erroneously obtained, but such cancellation "shall affect only the document and not the citizenship status of the person in whose name the document was issued." 8 U.S.C. § 1504.

45. Pursuant to 28 C.F.R. § 51.60 and 51.62, the State Department has authority and a legal obligation issue a limited validity passport allowing a United States citizen to directly return to the United States when it revokes a passport on the ground that it was illegally, fraudulently, or erroneously obtained.

## V.    CLAIMS FOR RELIEF

### Count 1: Violation of the Fifth and Fourteenth Amendments to the United States Constitution (Citizenship)

46. Plaintiff incorporates ¶¶ 1-45 of this complaint as if fully set forth here.

47. Plaintiff is a United States citizen and therefore has an absolute right to return to the United States from abroad.

48. The Fifth and Fourteenth Amendments to the United States Constitution provide United States citizens abroad the fundamental, absolute, and irrevocable right to return to the United States. Because Hamood Ali Nagi is a citizen of the United States, he has an absolute and irrevocable right to return to the

United States at any time. *Nguyen v. I.N.S.*, 533 U.S. 53, 67 (2001).

49. Whatever authority Defendants may have to revoke Mr. Nagi's passport, they cannot deprive him of his citizenship or of the right to return to the United States.

50. Defendants have violated and continue to violate Mr. Nagi's Fifth and Fourteenth Amendment rights to United States citizenship by depriving him of his rights or the full effect of his right to reenter the United States from abroad by refusing to provide Mr. Nagi his passport or its direct return equivalent, even though Plaintiff has no other means of returning to the United States.

51. Plaintiff has suffered and will immediately suffer irreparable injury as a proximate result of this conduct, and is entitled to injunctive relief to avoid that injury.

**Count 2: Deprivation of Procedural Due Process Pursuant to the Fifth Amendment to the United States Constitution**

52. Plaintiff incorporates ¶¶ 1-45 of this complaint as if fully set forth here.

53. Plaintiff has a liberty interest in returning, free from unreasonable burdens, to the United States.

54. Plaintiff has a liberty interest in maintaining his citizenship status and a right – both statutory and constitutional – not to have his citizenship revoked, modified, or altered without due process of law. Defendants have deprived Mr. Nagi of this right by preventing him from returning to the United States and by preventing him from returning before the expiration of his United Arab Emirates visa on April 18, 2015.

55. Plaintiff is entitled to notice, judicial process, and an opportunity to contest the refusal to allow him to reenter the United States.

56. Defendants have violated Plaintiff's right without affording him due process of law and will continue to do so if Plaintiff is not afforded the relief

demanded below.

**Count 3: Unlawful Agency Action in Violation of the Regulations Governing the Denial, Restriction and Revocation of Passports, 22 C.F.R. §§ 51.60-51.74, and the Administrative Procedure Act, 5 U.S.C. § 701, et seq.**

57. Plaintiff incorporates ¶¶ 1-45 of this complaint as if fully set forth here.

58. Defendants' actions described herein were and are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and contrary to constitutional rights, power, privilege, or immunity and should be set aside as unlawful pursuant to the Administrative Procedure Act, 5 U.S.C. § 706.

59. The State Department has no regulatory authority to deny U.S. citizens abroad the right to return to the United States.

60. Therefore, the applicable regulations, including 22 C.F.R. § 51.62 and 51.60, are best read to allow and require the State Department to "limit" a passport so as to allow only direct return to the United States, when it alleges that a citizen abroad has obtained their passport by fraud or other material misrepresentation pursuant to 22 C.F.R. § 51.62(a)(2).

61. Defendants' decision to revoke Mr. Nagi's passport and refuse to issue him any direct return passport or other document allowing him to return to the United States violates the federal regulations governing the denial, restriction, and revocation of passports.

62. Defendants' action constitutes "agency action . . . not in accordance with law; contrary to constitutional right . . . [and] without observance of procedure required by law" in violation of the Administrative Procedure Act. 5 U.S.C. § 706.

63. In the absence of an injunction barring Defendants from withholding Mr. Nagi's passport or its direct return equivalent, Plaintiff has no adequate

remedy available to vindicate his statutory rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor:

(a) Declaring that the actions of Defendants described above, in revoking Mr. Nagi's passport without providing him a document permitting his return to the United States, such as a limited direct return passport, violate the Fifth and Fourteenth Amendments to the United States Constitution,

(b) Declaring that Defendants' revocation Mr. Nagi's passport rather than "limiting" it to permit him to return to the United States constituted unlawful agency action in violation of the federal regulations governing the denial, restriction, and revocation of passports,

(c) Granting injunctive relief for the Plaintiff that requires Defendants immediately to provide Mr. Nagi his passport or its limited validity, direct return equivalent allowing him only to fly to the United States.

(d) Awarding Plaintiff fees, costs, and expenses of all litigation, pursuant to 28 U.S.C. § 2412;

(e) Awarding such other equitable and further relief as the Court deems just and proper.

Dated: April 13, 2015                      Respectfully submitted,

ACLU FOUNDATION OF
   SOUTHERN CALIFORNIA

By:   /s/ Jessica G. Price
      Jessica G. Price
      Attorney for Plaintiff